IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:15-CV-638-FL

| | | |
|---|---|---|
| GREGORY MAURICE LEE, by and through his Guardian, LINDA SHELTON, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | ORDER |
| CITY OF FAYETTEVILLE and HAROLD MEDLOCK, individually and in his official capacity as City of Fayetteville Police Chief, | ) ) ) ) ) | |
| Defendants. | ) | |

This matter is before the court on plaintiff's response to the court's Jule 15, 2016, order to plaintiff to show cause why this case should not be dismissed without prejudice, pursuant to Federal Rule of Civil Procedure 4(m). On July 25, 2016, plaintiff filed his response. In this posture, the matter is ripe for ruling. For the reasons that follow, the court dismisses this case without prejudice, pursuant to Federal Rule of Civil Procedure 4(m).

## BACKGROUND

Plaintiff filed this civil rights action in the Cumberland County Superior Court on November 9, 2015. On December 7, 2015, defendants removed this case to this court, pursuant to 28 U.S.C. § 1441 and § 1446, invoking this court's federal question jurisdiction. 28 U.S.C. § 1331.

On January 6, 2016, defendants filed a motion to dismiss, pursuant to Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5), arguing plaintiff failed to serve them properly within the time limit

set out in Rule 4(m). On March 30, 2016, the court granted in part and denied in part that motion. As relevant here, the court gave plaintiff an additional 90 days to effect properly service on defendant City of Fayetteville and defendant Harold Medlock.[1] Thus, in accord with the court's March 30, 2016, order, plaintiff was to serve defendants on or before June 28, 2016.

On June 15, 2016, defendants filed on the docket a letter sent by defendants' counsel to plaintiff's counsel. (DE 32). In that letter, defendants' counsel acknowledged that plaintiff had served defendants with summonses on May 11 and May 13, 2016, but disputed the validity of those summonses. In particular, defendants' counsel stated that the summonses "fail to comply with [the court's] Order dated March 30, 2016 and are insufficient to give the United States District Court personal jurisdiction over. . .defendants." (Id.). Attached to defendants' counsel's letter were two summonses, dated April 22, 2016, issued by the Cumberland County Superior Court.

On June 27, 2016, plaintiff's counsel responded with a letter of his own, addressed to defendants' counsel and filed on the docket. (DE 33). Plaintiff's counsel, Shean Williams ("Williams"), indicated that he was "providing [defendants' counsel] with corrected summonses," and was "requesting that [defendants' counsel] present . . .[defendants with plaintiff's] request that [defendants] agree to a formal waiver of summons." (Id.). Annexed to that letter were two proposed summonses, which lacked the clerk's signature, as well as a form for waiver of service. (DE 33-1). Following that June 27, 2016, letter, plaintiff made no further filings; plaintiff never filed a completed waiver of service form, nor did he file proof of service.

---

[1] The court dismissed plaintiff's claims against certain police officers sued as John Doe defendants in both their individual and official capacities. As the court's order related to those defendants in their individual capacities, the court held that the statute of limitations had elapsed and that extension of time to effect service would be futile. As the court's order related to those same defendants in their official capacities, the court dismissed those claims in favor of plaintiff's claim against defendant City of Fayetteville.

2

On July 15, 2016, this court entered text order directing plaintiff to show cause as to why this case should not be dismissed without prejudice for failure to effect properly service on defendants, as directed by the court's March 30, 2016, order. In response, on July 25, 2016, Williams filed several documents, the overall effect of which is thus: plaintiff served defendants on May 11 and 13, 2016, with summonses issued by the Cumberland County Superior Court on April 22, 2016. (See generally DE 35; DE 35-3 through DE 35-7). Put another way, Williams contends that plaintiff "has complied with this Court's requirement for perfecting service on defendants and believes that the documents. . .[annexed to plaintiff's response] support that conclusion." (DE 35 at 2).[2]

## COURT'S DISCUSSION

Federal Rule of Civil Procedure 4(m) exists for the purpose of "encourag[ing] more efficient, speedy and inexpensive litigation, values espoused by Rule 1." Mendez v. Elliot, 45 F.3d 75, 78 (4th Cir. 1995). It states "[i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Id. "[I]f a plaintiff is not diligent and fails to serve the complaint within. . .such further time period as ordered by the court for good cause," the case also may be dismissed without prejudice. Mendez, 45 F.3d at 78.

At issue in this case is whether plaintiff has complied with the court's March 30, 2016, order. In his response to the court, plaintiff's counsel Williams abandons any "good cause" argument and,

---

[2] Williams never submitted independently any copy of the summonses served on defendants; rather, he appears to accept that those summonses issued by the Cumberland County Superior Court and annexed to defendants' counsel's letter (DE 32) accurately represent those summonses served on defendants. (See DE 35-6) (incorporating defendants' counsel's letter and attached summonses).

3

instead, asserts plaintiff's unqualified compliance with the court's order. The question before the court, thus, boils down to whether plaintiff's May 11 and 13, 2016, service of summonses issued by the Cumberland County Superior Court and dated April 22, 2016, qualifies as valid service for purposes of the Federal Rules of Civil Procedure. It plainly does not.

The state court's summonses are of no effect because they are void. Once the defendant removes a case to federal court from state court, it must provide the clerk of the state court from which the action was removed with a written "notice of removal." 28 U.S.C. § 1446(d). Once the clerk of the state court receives that notice "the State court <u>shall proceed no further</u> unless and until the case is remanded." <u>Id.</u> (emphasis added). "Because § 1446(d) explicitly states that 'the State court shall proceed no further' once removal is effected. . . the statute deprives the state court of further jurisdiction over the removed case and. . .any post-removal actions taken by the state court in the removed case action are void <u>ab initio</u>." <u>Ackerman v. Exxon Mobil Corp.</u>, 734 F.3d 237, 249 (4th Cir. 2013). This case originally was filed in the Cumberland County Superior Court and was removed to this court by defendants on December 7, 2015. At that time, defendants provided the clerk of the Cumberland County Superior Court with a copy of the notice of removal. (<u>See</u> DE 1 ¶12). As of the moment the clerk of that court received defendants' notice of removal, the Cumberland County Superior Court lost its power to manage this case in any way, including by issuing summonses. The April 22, 2016, summonses issued by the Cumberland County Superior Court, therefore, were void at the time of their issuance and could never give this court jurisdiction over defendants.

Because those summonses were void at the time of their issuance, plaintiff failed to serve process within the time given him by the court's March 30, 2016, order. Thus, this case must be and

4

is dismissed without prejudice. "'Without prejudice' does not mean 'without consequence.'" Powell v. Starwalt, 866 F.2d 964, 966 (7th Cir. 1989); accord Mendez, 45 F.3d at 78 ("The 'without prejudice' condition permits a plaintiff to refile the complaint as if it had never been filed. Rule [4(m)] does not, however, give the [plaintiff] a right to refile without the consequence of time defenses, such as the statute of limitations."). In dismissing this case, the court is mindful that plaintiff's cause of action likely accrued on or around November 13, 2012, and that his complaint in the instant case was filed in the Cumberland County Superior Court on November 9, 2015. Although the statute of limitations likely has not elapsed, the court's dismissal, at the very least, leaves a small window in which to refile this case. Owens v. Okure, 488 U.S. 235, 239–41 (1989) (holding federal courts apply forum state's "most analogous" statute of limitations to § 1983 actions); see also N.C. Gen. Stat. § 1–52(5) (three year statute of limitations for personal injury actions); Nat'l Advert. Co. v. City of Raleigh, 947 F.2d 1158, 1161–62 (4th Cir. 1991) (applying § 1–52(5) in suit brought pursuant to 42 U.S.C. § 1983). Nevertheless, the fact that a future suit potentially may be barred by the statute of limitations "does not justify failure to apply Rule [4(m)]" in this case. Powell, 866 F.2d at 966.[3]

---

[3] The proposed summonses annexed to William's June 27, 2016, letter are of no effect because they do not comply with Federal Rule of Civil Procedure 4(a) & (b). In particular, they were never signed by the clerk. Service of an unsigned summons not issued by the clerk is not a "technical defect" in process; rather, it is a "complete disregard of the requirements of process set forth clearly and concisely in Rule 4." Macaluso v. N.Y. State Dep't of Envtl. Conservation, 115 F.R.D. 16, 17–18 (E.D.N.Y. 1986). Such a "complete disregard" of Rule 4's clear formalities renders plaintiff's proposed summonses ineffectual as a means to effect service of process on defendants. Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc., 733 F.2d 1087, 1089 (4th Cir. 1984) ("[T]he rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored.").

## CONCLUSION

Based on the foregoing, for failure to comply with the court's March 30, 2016, order, and pursuant to the terms of Federal Rule of Civil Procedure 4(m), the court DISMISSES this case WITHOUT PREJUDICE.

SO ORDERED, this the 4th day of August, 2016.

*[signature]*
LOUISE W. FLANAGAN
United States District Judge